**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**ELDON BURROWS,**

**Plaintiff,** **CV F 06 0602 AWI WMW P**

**vs.** **FINDINGS AND RECOMMENDATIONS**

**SERGEANT GIFFORD, et al.,**

**Defendants.**

**Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is Defendants' motion to dismiss. Plaintiff has opposed the motion.**

**This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Wasco State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Wasco State Prison. Plaintiff names the following individual defendants: Sergeant Gifford; Correctional Officer Cera; Correctional Officer Macias.**

**Plaintiff's sole claim in this complaint is that he was injured as a result of a dangerous condition. Plaintiff is a diabetic inmate and has**

**been on dialysis for approximately 14 months. Three times a week, Plaintiff is transported to a hospital in Bakersfield for dialysis treatment. On May 3, 2005, upon arrival at the clinic in Bakersfield, Officer Macias pulled out the step on the van, stepped on to the curb, and directed Plaintiff to exit the van. Plaintiff was shacked with handcuffs and leg irons. Plaintiff alleges that "because of a broken step." he fell face forward into the road, injuring himself. Plaintiff alleges that the step had been broken for some time, and Defendants knew of the condition, as the dialysis patients had complained of it.**

**Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b) for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit. The Civil Rights Act under which this action was filed provides:**

> **Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.**

**42 U.S.C. § 1983.**

**Section 7 of The Prison Litigation Reform Act was amended to read as follows:**

> **(a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.**

**42 U.S.C. § 1997e(a). In Booth v. Churner,532 U.S. 731 (2001).**

**The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 1821. In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies. In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2).**

**Defendants support their motion with the declaration of Andrew S. Altnow, a Correctional Counselor II and Administrative Segregation Specialist at CSP Corcoran. Mr. Altnow declares that on May 12, 2005, Plaintiff filed a CDC 602 to be answered at the informal level by the Transportation Office regarding a broken step. The step was repaired, but compensation was not granted as Plaintiff had indicated to Officer Cera that he had fallen because he had gotten his chain tangled up. Altnow Decl., ¶ 7.**

**Mr. Altnow further declares that Plaintiff did not respond to the informal review until June 2005, thereby exceeding time constraints. Mr. Altnow makes the conclusory statement that Plaintiff failed to satisfy the exhaustion requirement regarding his claim. Id.,¶ 8. Mr. Altnow attaches as Exhibit A, a copy of the inmate grievance at issue, log no. WSP-A-05-00804. This exhibit indicates that the appeal was granted, but compensation was denied.**

**Defendants argue that Plaintiff filed a grievance and failed to timely pursue it to the final level of review. In his opposition, Plaintiff argues that the time limits were met. Plaintiff indicates that he filed his grievance on May 5, 2005, "and then the time limit ran out for them to give me an answer so I started writing letters to appeals coordinator Mr. Altnow inquiring about my 602 and I got no response from his office so I wrote the Warden a letter Ms. Vasquez asking her why the appeals coordinator wouldn't see Exhibit B respond to letters inquiring about a 602's whereabouts."**

**Defendants' Exhibit A includes the written response to Plaintiff's grievance, indicating that the grievance was granted insofar as the step has been repaired. The grievance was denied in part because Plaintiff was denied compensation. On the same for, Plaintiff indicates that he is dissatisfied. Specifically, Plaintiff indicates, as the formal level, that "I'm asking to be compensated in the amount of 1,000,000 for pain, suffering and emotional distress which continues to this date." The grievance was denied at the informal level on May 16, 2005. Though Plaintiff completed the portion of the form indicating that he was dissatisfied, he did not indicate the date submitted.**

**Clearly, Plaintiff filed a grievance at the informal level and was dissatisfied with his response. Here, plaintiff appealed the issue regarding his injury at the informal level, but failed to pursue it farther than the formal level. The appeal was denied as to Plaintiff's request for compensation. untimely. Defendants bear the burden of pleading and proving exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).**

**Here, the exhibits submitted by Defendants indicate that Plaintiff did not proceed with further review of the denial of his request for compensation.**

**In his opposition, Plaintiff states that he wrote a letter to the Transportation Sergeant, inquiring about his grievance. Plaintiff states that "the sergeant sent me a copy of a copy he had made and sent it to me and on the right side of the copy he dated he dated when he gave it to me. The copy which was dated 6/18/05." Plaintiff states that he "tried to resubmit it on 6/30/05 12 days later." Plaintiff refers the court to Exhibit D. Plaintiff attaches no exhibits to his opposition. Exhibit D to the declaration of Andrew Altnow is a CDC 128-B Chrono regarding Plaintiff's letter to the Warden. The letter that Plaintiff sent to the Warden "was received by the Appeals Office on June 2, 2005." The letter includes Plaintiff's complaint that the Appeals Coordinator will no longer answer his letters, and would not forward an appeal regarding the fall.**

**"[P]roper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." <u>Id</u>. at 2386. In <u>Ngo</u>, the Supreme Court rejected the Ninth Circuit's view that Plaintiff had exhausted his remedies, as they were no longer available because Plaintiff has not filed a timely grievance. Plaintiff offers no exhibits, and makes no assertion, that he exhausted his administrative remedies to the final, Director's level of review.**

**Accordingly, IT IS HEREBY RECOMMENDED that Defendants'**

**motion to dismiss be granted, and this action be dismissed without prejudice for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.**

**These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).**

IT IS SO ORDERED.

**Dated: August 24, 2007** **/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE