# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDON BURROWS, | 1:06-CV-0602-AWI-WMW-PC |
| Plaintiff, | ORDER REGARDING FINDINGS AND RECOMMENDATIONS |
| v. | ORDER DENYING MOTION TO DISMISS |
| SGT. GIFFORD, et al., | (Document #27) |
| Defendants. | |

Plaintiff Eldon Burrows ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), Defendants filed a motion to dismiss based on Plaintiff's failure to exhaust available administrative remedies in compliance with 42 U.S.C. § 1997e(a). On August 27, 2007, the Magistrate Judge issued Findings and Recommendations that recommended Defendants' motion be granted.  The Findings and Recommendations were served on the parties and stated that any party could file objections within thirty days.   On September 18, 2007, Plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), Federal Rule of Civil Procedure 72(b), and Local Rule 72-304, this court has conducted a *de novo* review of the case, including Defendants' motion, Plaintiff's opposition, and Defendants' reply.   Having carefully reviewed the entire file, the court respectfully declines to adopt the Findings and Recommendations.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which a defendant has the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed or the denial of an appeal at a lower level, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants contend that Plaintiff never completed the administrative grievance system. Defendants provide evidence that on May 12, 2005, Plaintiff filed a CDC 602 regarding a broken step, which Plaintiff alleges contributed to a fall and injury. This CDC 602 was to be answered at the informal level by the Transportation Office. The Transportation Office repaired the step, as requested in the CDC 602 appeal but declined to grant compensation because Officer Cere reported that Plaintiff had indicated he had fallen because his chain was tangled up. The

informal denial is dated May 16, 2005.  Defendants provide evidence that Plaintiff did not appeal the informal denial until June 30, 2005, which exceeded time constraints.  This appeal also violated regulations because it was a photocopy.[1]

In his opposition, Plaintiff submits evidence that he did not receive the informal denial until June 18, 2005, when a transportation sergeant gave Plaintiff a copy of the 602, which included the response at the informal level.  Plaintiff then requested review at the formal level because he was not compensated for pain, suffering, and emotional distress.  This formal level appeal is dated June 30, 2005.   Plaintiff provides evidence that his formal level appeal was screened out on a form dated July 8, 2005.  The form states that the office will not accept a photocopied 602 appeal, the office was never notified by staff that the original appeal was lost, and Plaintiff did not file the appeal within fifteen days from the date Plaintiff received the informal level response.   Plaintiff argues that his appeal was improperly screened out because he did not receive a copy of it until June 18, 2005, and at that time, was only given a photocopy.

In order to prevail on their motion Defendants must demonstrate Plaintiff's failure to exhaust.  Jones, 127 S.Ct. at 921; Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).  In a situation such as this where Plaintiff submits evidence that he attempted to properly utilize the appeals process but never received his 602 appeal back, Defendants must do more than point out that Plaintiff never completed the prison grievance process.  Defendants are not entitled to dismissal unless they address Plaintiff's contention and demonstrate he did receive his original 602 back on May 16, 2005.  Simply citing to the date on the form is insufficient in light of Plaintiff's claims to the contrary.

---

[1] Defendants also provide evidence that on June 2, 2005, the Appeals Office received a letter from Plaintiff in which he stated he had not received a response to his 602 or to letters he wrote asking about it.  Defendants provide evidence that that Appeals Coordinator Andrew Altnow ("Altnow") filed a reponse to this letter dated June 2, 2005.  In this response, Altnow claims Plaintiff has submitted false information.   Altnow states in the letter Plaintiff claims to have fallen because of the broken step but the 602 Appeal states that Plaintiff only almost fell.  Altnow also claims no letters regarding the 602 Appeal were ever sent to the Appeals Office

It is unclear what Altnow believes is inconsistent.  The letter states: ". . . I fell out of a van while being transported to bakersfield [sic.] for dialysis."   The 602 states "As I went to get out of the van I stepped on a pull-out step I went face down in the road and this happened because of a broken step on the van."   In an incident report dated May 1, 2005, provided by Defendants, Officer H. Cera states that Plaintiff lost his balance and fell on the ground.   From the documents provided by Defendant, it appears Plaintiff has always taken the position that he fell.

Regardless, as Plaintiff's letter to the warden is not a step in the administrative process, it will not be considered in any further detail on this motion.

3

The court is mindful that "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," Id. at 2386. On the other hand, the court also acknowledges that the failure to respond or return a properly filed grievance may result in a finding that exhaustion occurred. See e.g., Giano v. Goord, 380 F.3d 670, 673-74 (2d Cir.2004) (holding that an inmate's reasonable interpretation of prison regulations justified his failure to exhaust when he raised allegations of retaliatory staff misconduct as a defense in disciplinary proceedings brought against him, rather than affirmatively pursuing the independent grievance system); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs). Similarly, a plaintiff is not required to exhaust all remedies, rather he must exhaust administrative remedies that "are available." 42 U.S.C § 1997(e)(a). If Plaintiff's allegations that prison officials never returned his 602 is found to be true, then the prison did not make the administrative appeal process "available to" Plaintiff. See, e.g., Brown v. Croak, 312 F. 3d 109, 111 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F. 3d 736, 740 (8th Cir. 2001) (holding remedy is not "available" where prison officials purportedly prevented prisoner from employing the prison's grievance system).

Defendants have the burden of raising and proving the absence of exhaustion. Wyatt, 315 F. 3d at 1119. By failing to address Plaintiff's claim that he did not receive the original 602 back on May 16, 2005, Defendants have not met their burden. The court is not finding that Plaintiff did exhaust. Rather, the court is merely finding that in light of Defendants' failure to address Plaintiff's primary contention, Defendants have not met their burden and are not entitled, at this time, to dismissal for failure to exhaust.

//

Accordingly, the court ORDERS that:

1. Defendants' motion to dismiss for failure to exhaust is DENIED without prejudice;
2. This action is referred to the Magistrate Judge to address Plaintiff's pending motion to amend the complaint.

IT IS SO ORDERED.

Dated:   **September 26, 2007**            /s/ **Anthony W. Ishii**
                                      UNITED STATES DISTRICT JUDGE